JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 23-4763 PA (JCx) | Date | July 7, 2023 |
|---|---|---|---|
| Title | Trayvon Johnson, et al. v. Los Angeles County, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

On June 28, 2023, the Court held a status conference with the parties and discussed the sole federal claim – "unlawful detention, arrest, and excessive use of force in violation of the Fourth Amendment" – alleged in the Complaint filed by plaintiffs Trayvon Johnson, Lizeth Serrano, and Lizeth Serrano on behalf of minor I.J. ("Plaintiffs"). (Docket No. 13; see Docket No. 1-1.) The Court stated that "on or before July 6, 2023, Plaintiffs' counsel shall notify the Court if Plaintiffs will dismiss their sole federal claim, whereupon the Court will decline to exercise supplemental jurisdiction over the remaining state law claims and remand this action to state court." (Docket No. 13.) On July 5, 2023, Plaintiffs notified the Court that they would like to dismiss their sole federal claim without prejudice. Therefore, pursuant to Federal Rule of Civil Procedure 41(a)(2), the Court dismisses, without prejudice, Plaintiffs' claim for "unlawful detention, arrest, and excessive use of force in violation of the Fourth Amendment."

While the Court has supplemental jurisdiction over Plaintiffs' remaining state law claims under 28 U.S.C. § 1367(a), the Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Here, Plaintiffs have dismissed the sole federal claim over which the Court had original jurisdiction. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. See 28 U.S.C. § 1367(c)(3); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000–01 (9th Cir. 1997) (where "all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quotations and citation omitted). The Court further exercises its discretion and remands those claims to state court. See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 23-4763 PA (JCx) | Date | July 7, 2023 |
|---|---|---|---|
| Title | Trayvon Johnson, et al. v. Los Angeles County, et al. | | |

none of the federal claims are remaining . . . ."). For all these reasons, the Court remands this action to Los Angeles County Superior Court, Case No. 23STCV10016. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.